FILED'10 OCT 05 13:06 USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RONNEY AYALA,                                                CV. 09-392-KI

        Petitioner,                                        OPINION AND ORDER

v.

DON MILLS,

        Respondent.

    Nell Brown
    Assistant Federal Public Defender
    101 S.W. Main Street, Suite 1700
    Portland, Oregon 97204

        Attorney for Petitioner

    John R. Kroger
    Attorney General
    Kristen E. Boyd
    Assistant Attorney General
    Department of Justice
    1162 Court Street N.E.
    Salem, Oregon 97301-4096

        Attorneys for Respondent

KING, Judge

1 -- OPINION AND ORDER

Petitioner, an inmate at Two Rivers Correctional Institution, brings this habeas corpus proceeding pursuant to 28 U.S.C. § 2254. For the reasons set forth below, the amended petition is denied.

## BACKGROUND

On May 29, 2003, petitioner was convicted of three counts of Sodomy in the First Degree (counts 1, 2, and 14), one count of Unlawful Sexual Penetration in the First Degree (count 3), two counts of Sexual Abuse in the First Degree (counts 4 and 15), one count of Kidnapping in the First Degree (count 5), one count of Assault in the Third Degree (count 7), one count of Interfering with Making a Report (count 10), two counts of Menacing (counts 11 and 12), and one count of Resisting Arrest (count 13). Petitioner's convictions arose out of his sexual assault of a young girl on January 1, 2002, and again on January 17, 2003.

The trial court sentenced petitioner to a 350-month term of imprisonment. In so doing, the trial judge addressed the charges chronologically, addressing the convictions arising out of the 2002 incident first, followed by the 2003 incident. Resp. Exh. 105 at 15. Additionally, the trial judge enhanced petitioner's criminal history score on his sodomy conviction (count 1), based upon his kidnapping conviction (count 5). Resp. Exh. 101, 2nd Amended Judgment at 2 & 5. The pronouncement of the sentence was as follows:

> In this particular case the chronologic series of events does begin with Counts 14 and 15 [Sodomy and Sex Abuse]. And on each of those I'm going to do the following:
>
> On Count 14 [Sodomy] I am going to sentence to 100 months in the custody of the Corrections Division of the State of Oregon.
>
> On Count 15 [Sex Abuse] I'm going to sentence to 75 months in the custody of the Corrections Division, with that being concurrent to Count 14.
>
> On Count 5 [Kidnapping] I'm going to sentence you to 120 months in the custody of the Corrections Division, consecutive to that in 14 and 15. And this is a repeated victimization of the same victim but at a different time, with a very vulnerable victim, under circumstances where you were left in a position of trust.
>
> That being consecutive to Counts 14 and 15, if I didn't say that.
>
> * * * * *
>
> On Count 1 [Sodomy] there will be a sentence of 130 months consecutive to Counts 14 and 15 and Count 5.
>
> I think it is separated by time in the sense that you had time for reflection. It subjected the victim to additional risk of harm that was substantially different than the other harm that was being caused.

Resp. Exh. 105 at 15-16.

Petitioner filed a direct appeal alleging two distinct sentencing errors: (1) the trial court erred when it sentenced defendant on Count 1 as a grid block 10-A offender under the Oregon Sentencing Guidelines Grid, because the kidnapping and assault were

3 -- OPINION AND ORDER

part of the same criminal episode;[1] and (2) the trial court erred when it ordered that the sentences on Counts 1 and 5 be served consecutively to one another based upon its own factual finding in violation of Blakely v. Washington, 542 U.S. 296 (2004). Resp. Exh. 106.

The Oregon Court of Appeals affirmed, without opinion. State v. Ayala, 201 Or. App. 732, 122 P.3d 143 (2005). Petitioner petitioned for review to the Oregon Supreme Court combining his two assignments of error into one, alleging that the trial court erred in imposing consecutive sentences and reconstituting petitioner's criminal history based upon its own findings of fact that the kidnapping and sexual assault constituted separate criminal episodes. Resp. Exh. 108. The Oregon Supreme Court denied review. 340 Or. 34, 129 P.3d 183 (2006).

Petitioner subsequently sought state post-conviction relief, challenging his sentence on the grounds that the trial judge erred in reconstituting petitioner's criminal history and imposing consecutive sentences. Additionally, petitioner alleged that trial

---

[1] Under Oregon law, "[a] defendant's criminal history score-together with the crime seriousness rankings-is used to calculate the sentence the court is to impose. The score is determined by several factors, including the number and character of the offender's prior convictions. The permissible sentencing range increases with every increase in a defendant's criminal history score." State v. Sosa, 224 Or. App. 658, 660 n.2, 199 P.3d 346 (2008) (citations omitted). "[I]f two convictions stem from the 'same criminal episode,' one conviction may not be used to enhance the defendant's criminal history score." Id. at 662.

4 -- OPINION AND ORDER

counsel rendered ineffective assistance by (1) failing to object and preserve for appeal petitioner's <u>Blakely</u> claim, and (2) failing to move for judgment of acquittal on the kidnapping charge. Resp. Exh. 111. The post-conviction court denied relief, and petitioner appealed.

On appeal, appellate counsel filed a <u>Balfour</u> brief[2] containing a "Section B" drafted by petitioner. Petitioner dropped his ineffective assistance of counsel claims altogether, instead alleging that (1) there was insufficient evidence to support his kidnapping conviction; and (2) his consecutive sentences violated the Sixth Amendment as set forth in <u>State v. Ice</u>, 343 Or. 248, 170 P.3d 1049 (2007). The Oregon Court of Appeals affirmed without opinion. <u>Ayala v. Hall</u>, 222 Or. App. 95, 193 P.3d 84 (2008). Petitioner filed a petition for review to the Oregon Supreme Court incorporating his Balfour brief. The Oregon Supreme Court denied review. 345 Or. 415, 205 P.3d 27 (2008).

## **DISCUSSION**

Respondent moves the court to deny habeas relief on the basis that all of petitioner's grounds for relief are procedurally defaulted, and the state court's rejection of petitioner's claims is neither contrary to, nor an unreasonable application of, clearly established federal law. <u>See</u> 28 U.S.C. § 2254(d)(1).

---

[2] <u>See</u> <u>State v. Balfour</u>, 311 Or 434, 814 P.2d 1069 (1991).

5 -- OPINION AND ORDER

I.   **Procedural Default**.

"'Generally, a petitioner satisfies the exhaustion requirement if he properly pursues a claim (1) throughout the entire direct appellate process of the state, or (2) throughout one entire judicial post-conviction process available in the state.'" Casey v. Moore, 386 F.3d 896, 916 (9th Cir. 2004), cert. denied, 545 U.S. 1146 (2005)(quoting Liebman & Hertz, Federal Habeas Corpus Practice and Procedure, § 23.3b (4th ed. 1998); see also O'Sullivan v. Boerckel, 526 U.S. 838 (1999) (exhaustion satisfied if petitioner invokes *one complete round* of the State's established appellate review process).

A prisoner fairly presents his claims by describing in the state court proceeding both the operative facts, and the federal legal theory on which his claim is based. Scott v. Schriro, 567 F.3d 573, 582 (9th Cir.), cert. denied, 130 S.Ct. 1014 (2009); Davis v. Silva, 511 F.3d 1005, 1009 (9th Cir. 2008). Raising a claim "for the first and only time in a procedural context in which its merits will not be considered unless there are special and important reasons" does not constitute a fair presentation. Castille v. Peoples, 489 U.S. 346, 351 (1989) (internal quotations omitted); but see Casey, 386 F.3d at 918 n. 23 (noting that a claim *is* exhausted *if* the state appellate court expressly addresses the claim, whether or not it was fairly presented).

6 -- OPINION AND ORDER

When a state prisoner fails to exhaust his federal claims in state court, and the state court would now find the claims barred under applicable state rules, the federal claims are procedurally defaulted. Casey, 386 F.3d at 920; Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991). Habeas review of procedurally defaulted claims is barred unless the petitioner demonstrates cause for the procedural default and actual prejudice, or that the failure to consider the claims will result in a miscarriage of justice. Smith v. Baldwin, 510 F.3d 1127, 1139 (9th Cir. 2007), cert. denied, 129 S.Ct. 37 (2008); Coleman, 501 U.S. at 750.

### A. Ground for Relief One - Unlawful Sentence.

In his first ground for relief, petitioner raises two challenges to this sentence. First, petitioner alleges that the sentencing court violated his Sixth and Fourteenth Amendment rights under Apprendi v. New Jersey, 530 U.S. 466 (2000), when it imposed consecutive sentences based upon a judicially-found fact. Amended Petition at 1; Pet.'s Memo. in Support at 15 n.4. Second, petitioner alleges that the sentencing court violated Apprendi when it reconstituted petitioner's criminal history score based on the judicially-found fact that the kidnapping and sexual assault were separate criminal episodes. Amended Petition at 1; Pet.'s Memo. in Support at 1 & 12-13. As to the later claim, petitioner notes that, as a result of this judicial fact-finding, his sentence for kidnapping was increased from 100 months to 130 months. Id.

7 -- OPINION AND ORDER

Respondent moves the court to deny habeas relief as to petitioner's challenge to the reconstitution of his criminal history score on the basis that the claim is procedurally defaulted. I agree. Petitioner procedurally defaulted this claim on direct appeal because it was raised as a state law claim only to the Oregon Court of Appeals. See Resp. Exh. 106 at 8-14; see also Scott, 567 F.3d at 582 (fair presentation requires petitioner to allege federal legal theory on which his claim is based).

Petitioner did not remedy this omission by combining his challenge to his criminal history score, with his constitutional challenge to his consecutive sentences, in his petition for review to the Oregon Supreme Court. Presenting a new claim to a state's highest court in a procedural context in which its merits will not be considered absent special and important reasons does not constitute a fair presentation. Castille, 489 U.S. at 351; see State v. Lennon, 348 Or. 148, 593 n.4, 220 P.3d 589 (2010) (reviewable questions before Supreme Court include all questions properly before the Court of Appeals) (citing Or. R. App. P. 9.20(2)).

Further, petitioner did not exhaust the claim by presenting it at all appellate stages of his state post-conviction proceeding. On the contrary, on appeal from the denial of post-conviction relief, petitioner's challenge to his sentence was limited to the consecutive sentences imposed. I reject petitioner's assertion

8 -- OPINION AND ORDER

that he fully incorporated by reference his second amended petition for post-conviction relief into his appellate brief merely by including it in the Excerpt of Record. Compare Farmer v. Baldwin, 563 F.3d 1042, 1043 (9th Cir. 2009) (holding that incorporation by reference is permissible method of raising an issue on appeal); with Jackson v. Belleque, 2010 WL 348357, *4 (D.Or. Jan. 21, 2010) (inclusion of post-conviction petition in excerpt of record does not function as a incorporation by reference).

To the extent petitioner argues that the claim is not procedurally defaulted because the Oregon appellate courts did not expressly invoke a procedural bar, petitioner's argument fails to recognize that a claim may be procedurally defaulted, despite the absence of an express invocation of a state procedural bar, when a petitioner fails to fairly present a claim to the state courts at all appropriate appellate stages, and the state courts would now find the claim to be procedurally barred under state law. See Casey, 386 F.3d at 920; Coleman, 501 U.S. at 735 n.1.

### B.  Ground for Relief Two - Insufficiency of the Evidence.

In his second ground for relief, petitioner alleges that he was denied his Fourteenth Amendment right to due process because there was insufficient evidence to support his conviction for kidnapping in the first degree. This ground for relief was *not* preserved at trial through a motion for judgment of acquittal.

9 -- OPINION AND ORDER

Similarly, petitioner did *not* raise an insufficiency of the evidence claim on direct appeal.

In the state post-conviction proceeding, petitioner's counsel, Mark Mordini, also did *not* raise an independent insufficiency of the evidence claim in the Second Amended Petition for Post-Conviction Relief. Resp. Exh. 111. Rather, post-conviction counsel raised an ineffective assistance of counsel claim based upon *trial counsel's failure* to move for a judgment of acquittal on the charge of Kidnapping in the First Degree. Resp. Exh. 111 at 5.

Under Oregon law, "[i]f a petitioner fails to include a claim in his or her petition for [state] post-conviction relief, then that claim is waived unless it can be established that the claim could not reasonably have been asserted at that time." Bowen v. Johnson, 166 Or. App. 89, 92-93, 999 P.2d 1159, rev. denied, 330 Or. 553 (2000); Leyva-Grave-De-Peralta v. Blacketter, 232 Or. App. 441, 448, 223 P.3d 411 (2009), rev. denied, 348 Or. 114 (2010).

Despite the foregoing omissions, petitioner argues that his insufficiency of the evidence claim was exhausted in state court as follows:

> Mr. Ayala filed a *pro se* memorandum of authorities in the post-conviction proceeding, arguing that the movement of T.A. was merely incidental to the accomplishment of the sexual assault, and, thus, that the evidence was insufficient to prove kidnapping. Resp.Ex. 112. He made the same argument orally during the post-conviction trial, as he was not deposed in this case. Resp. Ex. 118, at 7-8. Moreover, Mr. Ayala's counsel raised the sufficiency-of-the-evidence claim in the post-

10 -- OPINION AND ORDER

> conviction proceedings through his argument at trial that the trial attorney should have argued that the crime of kidnapping "didn't occur" or was not "committed." Resp.Ex. 118, at 9-10.
>
> * * * * *
>
> Thereafter, Mr. Ayala raised this issue in his *Balfour* brief to the Oregon Court of Appeals. Res. Ex. 120. When that court affirmed without opinion, Mr. Ayala presented the issue to the Oregon Supreme Court in his *Balfour* petition for review, "incorporat[ing] by reference" the brief filed in the Oregon Court of Appeals. Resp. Ex. 122.

Petitioner's Memo. in Support at 16-17.

Petitioner's belated inclusion of the due process argument in his *pro se* memorandum of additional authorities did not fairly present the claim to the post-conviction court, given the requirement that all grounds for relief must be raised in the post-conviction petition. Bowen, 166 Or. App. at 93; Leyva-Grave-De-Peralta, 232 Or. App. at 448. Moreover, contrary to petitioner's suggestion, post-conviction counsel's assertion of an *ineffective assistance of counsel claim* did not constitute a fair presentation of a *due process claim* to the state post-conviction court. A due process claim, challenging the sufficiency of the evidence, is fundamentally different from a claim challenging trial counsel's failure to move for a judgment of acquittal. See Duncan v. Henry, 513 U.S. 364, 367 (1995) (mere similarity between claims does not satisfy exhaustion requirement).

11 -- OPINION AND ORDER

Finally, petitioner's inclusion of the insufficiency of the evidence claim on appeal from the denial of post-conviction relief is not a fair presentation in light of the fact that the claim had not been presented below and, under Oregon law, would be considered on appeal only in rare and exceptional circumstances. See Or. R. App. P. 5.45(1); State v. Gornick, 340 Or. 160, 166, 130 P.3d 780 (2006); see also Moore v. Mills, 2010 WL 3656056 *2 (D.Or. Sept. 15, 2010) (concluding that claim raised for first time to Oregon Court of Appeals is not fairly presented).

In sum, because petitioner did not raise his due process claim at all stages of the state post-conviction proceeding, I conclude that petitioner failed to fairly present the claim to the state courts. Because petitioner cannot return to state court and properly raise an insufficiency of the evidence claim (see O.R.S. 138.550(2) & (3)), the claim is procedurally defaulted.

As noted above, petitioner's argument that the claim is not procedurally defaulted because the Oregon appellate courts did not expressly invoke a procedural bar, fails to recognize that a claim may be procedurally defaulted, despite the absence of an express invocation of a state procedural bar, when a petitioner fails to fairly present a claim to the state courts, and the state courts would now find the claim to be procedurally barred under state law. See Casey, 386 F.3d at 920; Coleman, 501 U.S. at 735 n.1.

12 -- OPINION AND ORDER

Petitioner has not demonstrate cause and prejudice sufficient to excuse his procedural default, or that failure to consider the claim will result in a fundamental miscarriage of justice. Accordingly, habeas relief is precluded as to ground for relief two.

### C.  Ground for Relief Three - Ineffective Assistance of Counsel.

In his third ground for relief, petitioner alleges that he was denied effective assistance of trial counsel due to counsel's failure to (1) object and preserve for appeal a challenge to petitioner's consecutive sentence; (2) move for judgment of acquittal on the charge of kidnapping; and (3) meet with petitioner and adequately prepare for trial and sentencing.

As outlined above, petitioner raised ineffective assistance of counsel claims in his second amended petition for post-conviction relief. However, on appeal from the denial of post-conviction relief, petitioner did not raise any ineffective assistance claims. Petitioner's mere inclusion of his second amended petition for post-conviction relief in his Excerpt of Record did not fairly present those claims to the Oregon appellate courts. Jackson, 2010 WL 348357, *4.

Because petitioner cannot again seek state post-conviction relief (O.R.S. 138.550(2) & (3)), this ground for relief is procedurally defaulted. Petitioner has asserted no basis to excuse

13 -- OPINION AND ORDER

his default. Consequently, habeas relief as to this claim is precluded.

## II. **The Merits**.

The only claim fairly presented to the state court is petitioner's claim that he was denied his rights under the Sixth and Fourteenth Amendment when the trial court imposed consecutive sentences. This ground for relief is foreclosed by the Supreme Court's recent ruling in Oregon v. Ice, 129 S.Ct. 711, 717-19 (2009), concluding that neither Apprendi nor Blakely apply to findings of fact necessary for the imposition of consecutive sentences. Accordingly, habeas relief is not warranted as to this ground for relief.

### CONCLUSION

Based on the foregoing, petitioner's amended habeas petition (#16) is DENIED, and this proceeding is DISMISSED, with prejudice. Because petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability is DENIED. See 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this 5th day of October, 2010.

Garr M. King
United States District Judge